[Civil No. 3770. Filed June 16, 1936.]

[58 Pac. (2d) 749.]

FRANK RILEY, Petitioner, v. C. L. CORNWALL, Clerk of the Superior Court of the State of Arizona, in and for the County of Mohave, Respondent.

Messrs. Favour & Baker and Mr. Charles P. Elmer, for Petitioner.

McALISTER, J.—One Frank Riley filed in this court an original petition for an alternative writ of *mandamus* directing C. L. Cornwall, Clerk of the

Superior Court of Mohave County, State of Arizona, to send to this court the record in case No. 1422, *State of Arizona* v. *Frank Riley*. The relief asked for has been denied but the matter involves an important question of procedure in criminal appeals and, even though the alternative writ was not issued, the court thought it well to state in writing the reasons for its action.

The petition alleges in substance that on February 29, 1936, the petitioner was convicted of a criminal offense in the Superior Court of Mohave County; that on March 3d thereafter judgment and sentence were pronounced against him and on March 9th notice of appeal therefrom was served and filed; that on March 21st notice of appeal from adverse rulings made after March 9th was served and filed; that the petitioner was advised that he had a meritorious ground for appeal and, being without means to prosecute it, made an affidavit, pursuant to sections 5141 and 5143, Revised Code of 1928, that he was not able financially to pay the costs of the reporter's notes and of the record on appeal; that a hearing upon this affidavit was had in the Superior Court of Mohave County and that it determined that the reporter's transcript should not be made as requested; that on April 15, 1936, he asked the respondent to transmit the record as it then stood to this court in order that the petitioner might apply for a review' of the action of the superior court in refusing to permit the reporter's notes to be transcribed as in such cases provided; that the petitioner, having made an affidavit of his inability to pay the costs on appeal, is entitled to have the record sent to this court for a determination of the facts relating to his lack of financial ability, but the respondent refuses to transmit it and, unless required by this court to do so, the peti-

tioner will, notwithstanding his inability to pay the costs of appeal and the filing of his affidavit to that effect, be deprived of the right to present to this court in any manner the question whether he did comply with the statutes in making the affidavit and whether that affidavit was sufficient and required the clerk to transmit the record.

The petition presents the question whether a defendant, who desires to appeal from a conviction on a criminal charge, makes an affidavit of his inability to pay the costs of the appeal, and, after a hearing thereon, is denied the right to have the reporter's notes transcribed at the county's expense, is entitled to have the record as it stands transmitted to the Supreme Court for the purpose of enabling that court to review the order of the superior court directing that the county shall not pay for the transcript.

In article 1, chapter 123 (section 5133 et seq.), Revised Code of 1928, every person convicted in a superior court on an indictment or information is given the right of appeal to the Supreme Court of the state and the procedure set up by which one unable to pay the expense of an appeal may, notwithstanding, have his case reviewed as though he were in a position to take care of that charge himself. Section 5141 of this chapter provides that when an appeal is taken the clerk with whom the notice of appeal is filed must, within ten days thereafter, transmit a copy of the notice and the record in the case to the clerk of the Supreme Court and, "if the appellant shall first make and file his affidavit in the case showing that he is without means, and wholly unable to pay therefor," do so without charge, and include in the record a transcript of the evidence. It then directs the clerk of the Supreme Court, upon receipt of the record, to file it and perform the same

service as in civil cases without charge. This paragraph then continues:

"At any time within five days after the filing of such affidavit, the county attorney may file a written demand that the defendant be examined touching the matters stated in the affidavit. The defendant shall thereupon appear before the court at such a time as the court may fix and may be examined by the county attorney and the attorney for the defendant touching the ability of the defendant to pay for the transcript of the record and evidence and any other matters stated in the affidavit. If the court is satisfied from such examination that the defendant is unable to pay for the transcript of the record and evidence, it shall enter an order directing such transcript to be furnished at the expense of the county; if not so satisfied, the court shall enter an order directing that the county shall not pay for such transcript."

It is clear from this language that while any defendant may appeal from a conviction on an indictment or information, only one who is unable to pay the costs of the record may do so at the expense of the county and that the method set up therein for ascertaining whether the defendant is able to meet this expense must be followed. Under it the filing of an affidavit of inability to pay is not alone sufficient. The defendant must, if the county attorney demands it, submit to an examination in court touching the matters he has stated in his affidavit, and it is only when the court is satisfied from such examination that he is unable to pay for the transcript of the record and evidence that it shall enter an order directing that it be furnished at the county's expense. If not satisfied of this, the court can do but one thing and that is enter an order directing that the county shall not pay for the transcript, and in that event the clerk has no authority to send up the record, unless, of course, the costs are taken care of other-

wise. He is required, it is true, to transmit this
record within ten days after the notice of appeal is
filed but this necessarily implies that the costs have
been paid or an affidavit in lieu thereof filed and its
sufficiency, if questioned by the county attorney, de-
termined by the court. During the five days which
that officer has to demand that the defendant be ex-
amined, and, in case he makes such demand, during
the further period which must elapse before the
order directing that the county shall or shall not pay
for such transcript is entered, there is nothing for the
clerk to do towards transmitting the record. He
merely awaits the decision of the court.

The hearing on the affidavit of the defendant
did not satisfy the court that he was unable to pay
for the transcript, so it entered an order directing
that the county should not pay for it, but, notwith-
standing this, the defendant asks this court to direct
the respondent to transmit the record anyway, except
the reporter's transcribed notes of the trial, his con-
tention being that this should be done to enable this
court to pass on the correctness of the superior
court's order holding that the county should not pay
for it. It would seem to be perfectly clear, however,
not merely that no duty rests on the respondent to
transmit the record but that under the circumstances
he has no authority whatever to do so, and it is, of
course, elementary that the extraordinary writ of
*mandamus* may be used to compel an officer to per-
form an act only when the law makes the performance
of that act his duty.

The position of the petitioner seems to be,
however, that if the respondent may not be required
to transmit the record, there is no way by which an
order of the trial court passing on the sufficiency of
an affidavit of inability, no matter how arbitrary, may

be reviewed and the correctness of the judgment of conviction itself in such cases determined; in other words, that under this view he is denied the right of appeal "from an order made after judgment, affecting the substantial rights of the party," which section 5134, Revised Code of 1928, gives every defendant. Even if it be true that the order in question falls within the class here described and the defendant has the right of appeal therefrom it is apparent that the Supreme Court could not direct the clerk of the superior court, under the circumstances here presented, to transmit the record thereof to it for review. Certainly, as stated above, that officer, following a decision of the trial court that it is not satisfied that the defendant is unable to pay for the transcript, could not by a writ of *mandamus* be compelled to send up the record, because his duty to perform this act, after the county attorney has demanded a hearing on the affidavit, does not arise until the court determines that the record shall be transmitted at the expense of the county, and this has not been done. When it does so determine the clerk's duty to transmit is plain but when it reaches the opposite conclusion his duty not to transmit is equally plain. The court's determination of the question, whether right or wrong, is his sole guide in the discharge of his duty in the matter of transmitting the record.

The defendant, it is true, attempted to appeal directly from the order holding that he was not unable to pay the costs of the transcript but failed. He gave notice thereof on March 21st, twelve days after he had given notice of appeal from the judgment of conviction, and on April 15th thereafter requested the respondent to transmit the record as it then stood to the clerk of the Supreme Court but that officer refused to do so. He undoubtedly felt, and we think

rightly so, that the statute did not authorize him to send up merely that portion of the record that the Supreme Court needed to pass on the correctness of the trial court's ruling on the ability of the defendant to pay the costs of the transcript when the costs had not been cared for, either by payment or the filing of a proper affidavit, any more than it permitted him to transmit the full record of the case under the same circumstances. The rule applying to the matter of caring for costs on appeal is the same, whether the whole or only a part of the record is transmitted.

The petition for the alternative writ for the reasons herein stated was denied some days ago.

LOCKWOOD, C. J., and ROSS, J., concur.