[Civ. No. 11902.   Second Appellate District, Division Two.—December 3, 1938.]

JEANETTE P. EMERSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Marion P. Betty for Petitioner.

J. H. O'Connor, County Counsel, S. V. O. Prichard, Assistant County Counsel, and Ned Marr, Deputy County Counsel, for Respondents.

McCOMB, J.—This is a proceeding in *mandamus* to compel respondent court to make an order permitting petitioner to prosecute an action filed by her and now pending in said court without the prepayment of jury fees.

The essential facts are:

Petitioner filed an action in respondent court to recover damages for personal injuries received by her. She thereafter made application to said court for an order permitting her to prosecute her action before a jury without the prepayment of jury fees. This order was denied by the trial judge on the sole and only ground that petitioner's attorney of record had an interest in any settlement or judgment which might be recovered in said action.

At the hearing before this court respondent Presiding Judge Schmidt gave the following testimony relative to a conversation which he had with petitioner's attorney when the latter applied for the order above mentioned:

"Q. At that time what questions were asked and what were the answers given you by Mr. Betty in relation to the Alexander matter?

"A. To the best of my recollection now I asked Mr. Betty this question: What interest have you in the outcome of this litigation? He said, I have no contract with my client. I said, what do you expect to get out of it if anything when the case is over? *He responded, I expect to receive a reasonable fee in the case if I am successful in obtaining a judgment or words to that effect.* That's the best of my recollection now. That may not be the exact words used but that's my best recollection of the conversation we had.

"Q. In relation to the Emerson matter, I understand there was an application likewise for *in forma pauperis* in that case, the hearing on which was held about the same time as the one on the Alexander matter. Do you recall the conversation with Mr. Betty at that time in regard to the application in the Emerson matter?

"A. My recollection with regard to that case is that we had a conversation substantially the same, as to whether he had any interest in the outcome of the litigation."

■ This is the sole question necessary for determination:

*Did petitioner's attorney have a legal interest in the outcome of the suit then pending before respondent court?*

This question must be answered in the negative. The only testimony was that Mr. Betty expected to receive a reasonable fee if he was successful in obtaining a judgment in the action. It needs no argument to demonstrate that such a hope or expectation upon Mr. Betty's part gave him no legal interest in his client's action. Nor would it have supported an action against his client for the recovery of a fee had he been successful in recovering a judgment.

*Gomez* v. *Superior Court,* 134 Cal. App. 19 [24 Pac. (2d) 856], is not applicable to the present case for the reason that it was conceded therein that the attorney for petitioner had a contingent interest in the action there pending before the court.

The law is settled in California that an indigent person has a right to prosecute a civil action *in forma pauperis* and is entitled to have an order waiving the prepayment of jury fees if no other person has a legal interest in the outcome of the suit. (*Martin* v. *Superior Court,* 176 Cal. 289 [168 Pac. 135, L. R. A. 1918B, 313].) Therefore, since in the instant case petitioner was indigent and neither her attorney nor any other person had a legal interest in the result of the action

which she had filed, the trial court should have made an order waiving the prepayment of jury fees.

For the foregoing reasons let a peremptory writ issue as prayed.

WOOD, J., Concurring.—I concur in the judgment.

There is at least an implication in a statement contained in the opinion of Mr. Justice McComb to the effect that the facts shown in Mr. Betty's testimony would not support an action against his client for the recovery of a fee in case of his success in recovering a judgment. There is no indication that Mr. Betty's services are being rendered gratuitously. ▇▇ Where legal services are actually performed with the knowledge and consent of the other party and not as a gratuity, a promise will be implied to pay for the benefits received. (*Young* v. *Bruere*, 78 Cal. App. 127 [248 Pac. 301] ; *Buck* v. *City of Eureka*, 124 Cal. 61 [56 Pac. 612].)

I think it should be made to appear that Judge Schmidt did not act solely upon the conversation with Mr. Betty. Under date of August 28, 1937, a contract in writing was executed by Jeanette P. Emerson and Marion P. Betty whereby it was provided that Mr. Betty would receive ''an amount equal to fifty per cent of any amount which may be collected . . . in the event nothing is collected . . . my attorney shall receive nothing for his services''. Under date of November 8, 1937, the parties to this instrument executed another instrument whereby it was provided that the contract of August 28, 1937, be ''cancelled, abrogated and agreed to be void and of no force and effect''. The revocation of November 8, 1937, was executed before a notary public but the contract of August 28, 1937, was not notarized.

Crail, P. J., concurred.