### NOLL v. UNITED STATES.
### No. E–4889 Criminal.

United States District Court
W. D. Pennsylvania.
April 22, 1949.

**WALLACE S. GOURLEY**, District Judge.

This matter comes before the Court on petition of Carl I. Noll to make available free copies of the following court records as provided by the Judicial Code, 28 U.S.C.A. § 1915:

1. Certified copies of docket entries.

2. Certified copies of the indictment.

3. Certified copies of commitment and judgment.

4. Certified copies of the transcript of all proceedings.

The petitioner alleges that his imprisonment is illegal, void, and in direct violation of the provisions of the constitution of the United States of America, and that the documents requested are necessary and required to properly test the legality of petitioner's imprisonment.

The petition has been executed in accordance with the provisions of the Judicial Code and, in addition to his request for production of said documents, the petitioner in anticipation of denial of his request requests leave to proceed on appeal in forma pauperis as provided by the Judicial Code, 28 U.S.C.A. § 1915.

On the 16th day of September, 1947, a three count indictment was returned against petitioner, in which he was charged with violation of Title 18, Section 415 [now § 2314], of the United States Code. Said three count indictment related to the commission of three separate offenses by the petitioner in connection with unlawful and fraudulent intent, transporting and cause to be transported certain falsely made securities, on which a fictitious name was used by the defendant and no account was carried at the banks upon whom the checks were drawn.

At the time said indictment was returned against petitioner on September 16, 1947, he was in the custody of the federal authorities in the Eastern District of Missouri, having been transferred thereto on his own petition from the Northern District of New York. On September 19, 1947, the petitioner executed a motion, which was filed in this Court on September 23, 1947, for a speedy trial and disposition of the indictment which was returned in this jurisdiction. Since the federal authorities in the Eastern District of Missouri, Eastern Division, had prior custody of petitioner on the basis of his request for transfer from the Northern District of New York, the indictment which was pending in the Eastern Division of Missouri in the United States District Court was first considered and disposed of. The defendant proceeded to trial on November 4, 1947, after a plea of *not guilty* to a three count indictment; after legal counsel having been duly appointed for him; and a verdict of *guilty* was returned on the first count of the indictment and *not guilty* on the second and third counts of the indictment. On November 12, 1947, the defendant appeared before the Honorable Rubey M. Hulen, United States District Judge for the Eastern District of Missouri, Eastern Division, Docket No. 25466, at which time judgment and sentence was imposed on the verdict of the jury.

At the time sentence was imposed, the defendant and his counsel and the United States Attorney called to the attention of Judge Hulen that there was a proceeding pending in the United States District Court for the Western District of Pennsylvania,

in which he was charged with similar offenses. At the time the defendant and his counsel appeared before Judge Hulen, the following colloquialism took place:

"Mr. Robinson, U. S. Attorney: In addition to this conviction here, Your Honor, this defendant cashed checks in Pennsylvania in the amount of about $1400—similar checks—these fictitious checks that he wrote himself on fictitious banks, and he is under indictment there and there is a detainer against him; and he passed some checks in Ohio. I think though that Pittsburgh is the only indictment, and I think when the case has been taken care of here—they so indicated to us—this man was arrested in New York, he agreed to plead guilty up there if they transferred the case, and did, and when the papers got up there, he withdrew his plea, and then he was indicted in Pittsburgh. If this case had been disposed of, I don't think there would have been any prosecution in Pittsburgh, because they are all a series of checks about the same time.

"The Court: As I recall, the jury returned a verdict of not guilty on counts 2 and 3.

"Mr. Robinson: That is right. One count.

"The Court: Anything further?

"Mr. Sullivan: Well, just, your Honor, Mr. Robinson suggested the defendant is charged in other jurisdictions.

"The Court: Well, I am not going to punish him for the other.

"Mr. Sullivan: I was going to ask, in the first place, if Your Honor saw fit to consider that, and I was going to suggest it would not be proper for Your Honor to consider such as that. I believe Mr. Robinson suggested to me that if those facts were suggested in fixing punishment in this case, if that information were conveyed to the prosecuting officials in the other jurisdictions, they might see fit to dismiss those cases.

"The Court: No, the man is presumed to be innocent of those other cases, and this Court will not attempt to assess the punishment based on those. I will take into consideration the previous convictions. I noticed sometime recently where a case was disposed of in another court and they stated that the matter had been called to my attention, the excessive punishment, and where I did not intend to convey the impression, by assessing punishment based on the case pending.

"Mr. Sullivan: Well, Your Honor, is making it quite clear now. All right.

"The Court: On your conviction under count one of the indictment in this case, it is the judgment and sentence of the Court that you be committed to the custody of the Attorney General for imprisonment for a period of four years."

The next term of court, subsequent to the disposition of the proceeding in the District Court of Missouri, commenced at Erie, Pennsylvania, on March 15, 1948. On March 8, 1948, this Court had the defendant appear and at that time the defendant petitioner informed the Court that it was understood that when the case was disposed of in the Eastern District of Missouri, the proceeding in this jurisdiction would be terminated. No exemplification of the court record was available and the petitioner had no documentary proof to support his oral representations made to this Court. As a result of the representations made to this Court, a complete exemplification and certification of the records from the United States District Court of the Eastern District of Missouri, Eastern Division, was requested, and the colloquialism which existed at the time the sentence was imposed is herein set forth as it relates to the matter now before this Court for consideration. At the time of said hearing the defendant petitioner requested the appointment of legal counsel, and on said date the Court appointed Robert H. Chase, Esquire, a member of the bar at Erie, Pennsylvania, as counsel for the petitioner. Said attorney was unable to serve and the Court appointed Charles J. Weber, Esquire, an experienced attorney, as counsel for said defendant.

On March 15, 1948, the defendant entered a plea of *guilty* to said indictment in open court, and at that time again stated to the Court that it was understood that after disposition of the case in Missouri, the proceedings in this district would be dropped by the government agents. In the period of time that had elapsed, the United States Attorney and the Clerk of this district had

been unable to secure a copy of the transcript of the proceedings· in the United States District Court for the Eastern District of Missouri, Eastern Division. This Court took into consideration the fact that a somewhat severe sentence was imposed by the United States Court in the Eastern District of Missouri, and the defendant was committed to the custody of the Attorney General for a period of four years on the basis of his conviction by the jury on Count 1 of the ¨indictment. As a result of this situation existing when the defendant entered his plea of *guilty* in this jurisdiction, the Court committed the defendant to·the custody of the Attorney General for a period of three years, said sentence to run concurrently with the sentence imposed at Criminal No. 25466 in the United States District Court for the Eastern District 'of Missouri, Eastern Division.

From ,a review of the records in this jurisdiction, the petitioner unquestionably received full and complete consideration by this Court of the offenses to which he entered a plea of *guilty,* and there is no situation existing in any way whatsoever which amounted to a denial of any rights given by any Act,of Congress or the Constitution of the United States.

It further appears from the reading of the certification of the record of the United States District Court in Missouri that the defendant was not denied any rights given him by any Act of Congress or the Constitution of the United States. Furthermore, the sentencing judge in said district specifically did not consider 'the offense in this jurisdiction when sentence was imposed in the Eastern District of Missouri, Eastern Division.

I believe the petitioner ˙was given every possible consideration by this Court and the court in Missouri, and no basis exists for the complaint of the petitioner˙that his imprisonment is illegal, void and in direct violation of the provisions of the Constitution of the United States.

██ Under the provisions of the Judicial Code it is a matter of discretion as to whether or not the records requested by the petitioner should be made available to him, and in view of the foregoing comment, ·I believe it would be a foolish and unjustified

expenditure of government funds to· make available the documents requested. The only purpose for which the petitioner could use the documents would be to burden one court or the other with a habeas corpus proceeding, which basically any judge would be duty bound to refuse.

The request of the petitioner is therefore refused.

██ A request has been made by the petitioner for leave to appeal in forma pauperis, and this action should not be allowed for the reason that it could not be made in good faith.