Howard A. Zeller, J.
Plaintiffs purchased a large one-family residence in the Town of Cazenovia on October 3, 1959. They now wish to use part of the house for one or two apartments but seem to be prohibited from doing so by a Zoning Ordinance. Plaintiffs seek to have the Zoning Ordinance of the Town of Cazenovia declared void because of alleged defects in its adoption.
The Legislature of our State has authorized Town Boards to adopt Zoning Ordinances. (Town Law, § 261.) However, the Legislature has declared the procedure a Town Board must follow before a Zoning Ordinance becomes effective. (Town Law, § 264.)
In part, section 264 of the Town Law provides “ Every zoning ordinance * # * shall be entered in the minutes of the town *219 board and a copy thereof * * * shall be published once in a newspaper published in the town, * * * and a copy of such ordinance * # * shall be posted on the sign board maintained by the town clerk * * *, and affidavits of the publication and posting thereof shall be filed with the town clerk. Such ordinance shall take effect ten days after such publication and posting ”.
In February, 1959 in the Ca&enovia Republican, notice was published of a public hearing concerning the proposed adoption of a Zoning Ordinance by the Town Board. On February 24 a public hearing was held.
On March 5, 1959 a meeting of the Town Board was held. After two changes were made in the proposed ordinance, a motion was made and carried that the Zoning Ordinance, as amended, be adopted. The ordinance itself was not then entered in the minutes of the Town Board. It was not until March, 1962 that a printed copy of a Zoning Ordinance was inserted next to the page containing the minutes of the March 5, 1959 meeting. The inserted copy is dissimilar from the one originally adopted as it contains an amendment adopted September 28, 1959 and there are other differences.
A copy of a Zoning Ordinance was published in the proper newspaper on March 12, 1959. An affidavit of publication was sworn to by the principal clerk of the newspaper in April, 1959. This affidavit has attached to it a printed copy of a Zoning-Ordinance which differs in several respects from the printed copy inserted next to the minutes. The affidavit of publication was not filed with the Town Clerk until after January 1, 1962.
An affidavit sworn to on September 10, 1962 by Gurdin B. Freeborn, after he ceased to be Town Clerk, states that while Town Clerk he posted a copy of the ordinance on his official signboard. The affidavit does not further specify when the alleged posting was done. The accuracy of this affidavit is questioned by plaintiffs. From all of the evidence bearing- on the subject, I find Mr. Freeborn did not post the ordinance. An affidavit by Alice Foster states she posted a copy of the ordinance — and various amendments thereto — on September 11, 1962 after she became Town Clerk. The subscription to her affidavit bears the date of December 19,1963 although 1962 must be meant. Thus, no affidavit of posting- was filed with the Town Clerk until 1962.
Should these delayed procedures be considered compliance with the Legislature’s directions and intent found in section 264 of the Town Law?
*220 The town argues that a case decided in 1944 is authority for an affirmative answer. In Sackett Lake Property Owners Assn. v. Levine (268 App. Div. 809, mot. for iv. to opp. den. 268 App. Div. 934) a Zoning Ordinance adopted in 1940 was defectively published then but correctly published in 1943. A nonconforming use commenced before the second publication was held to be authorized. By implication only the court held the ordinance to be valid. But the Sackett Lake case seemingly only involved a single omission to ¡comply with section 264 and not several lapses. Thus, it is not a very helpful authority in deciding this case.
Plaintiffs cite Barry v. Town of Glenville (8 N Y 2d 1153), decided in 1960, as holding that failure to comply with section 264 invalidates a Zoning Ordinance. The Per Curiam Court of Appeals memorandum does not list what the failures were but only alludes to them. The decision of the Appellate Division (9 A D 2d 822) dojss not discuss the failure to properly adopt the ordinance. The itecord on Appeal in the Court of Appeals contains testimony that there was neither an affidavit of publication nor an affidavit of posting on file in the Town Clerk’s office (fol. 167). It must have been these failures that persuaded the Court of Appeals to hold the ordinance invalid. However, the Barry case came to the courts without even any belated attempts by the town officials to file the affidavits as required by section 264. So the Barry case is not factually similar to this case.
Lacking direct judicial precedent, general legal principles and reasoning will be applied. The Legislature has not specifically said when a Zoning Ordinance must be entered in the minutes, or when the posting must take place, or when the affidavits of posting and publication must be filed with the Town Clerk. In the absence of specific time limitations in the legislation, it must be presumed that the Legislature intended the various acts to be completed within a reasonable time as one continuous operation. Surely, the Legislature never intended that certain acts toward adoption of a Zoning Ordinance could be performed one year and the remainder several years later. This would lead to confusion and uncertainty.
In this case the public hearing, the adoption of the ordinance and its publication took place in early 1959. Three years later (1) the Zoning Ordinance (with changes) was inserted in the minute book, (2) the Zoning Ordinance was posted on the Town Clerk’s bulletin board, (3) the affidavit of publication was filed with the Town Clerk, (4) the affidavit of posting was filed with the Town Clerk.
A Zoning Ordinance is in derogation of the owner’s common-law rights to use real property. A Zoning Ordinance should be *221 of no effect unless there be substantial compliance with procedural requirements. There was not substantial compliance in this case and the ordinance should be declared void and not binding on plaintiffs.