In the Matter of Bernard WAGNER,
Plaintiff,

v.

J. F. MARONEY, Superintendent, State
Correctional Institution, Pittsburgh,
Pennsylvania, N. Welch, Deputy Super-
intendent, State Correctional Institution,
Pittsburgh, Pennsylvania, A. T. Prasse,
Commissioner of Correctional Institu-
tion of State of Pennsylvania, Attorney
General of the State of Pennsylvania,
Defendants.

Misc. No. 4239.

United States District Court
W. D. Pennsyslvania.

Jan. 27, 1967.

## OPINION

ROSENBERG, District Judge.

Bernard Wagner here presents what he calls a "Declaration of Complaint" and asks leave to file it in forma pauperis. He also requests the appointment of counsel. In his petition he alleges that he is confined in the State Correctional Institution at Pittsburgh, Pennsylvania.[1]

The entire complaint is based upon these assertions: "(1) Plaintiff action arises from the defendant's imposition upon the plaintiff cruel and unusual punishment while plaintiff is in defendants custody. (2) Said cruel and unusual punishment was imposed upon plaintiff by defendants, and plaintiff did not and could not have committed any infraction of the laws of the State of Pa. or of the United States or rule or regulations of said institution of which defendants are in charge of."

The petitioner-plaintiff invokes the jurisdiction of this Court under the Civil Rights Act (42 U.S.C. § 1983) and contends that the defendants have "acted in an unlawful manner to deprive the plaintiff of the rights, privileges, and immunities secured to him by the constitution

---

1. Since the filing of the petition, I have received a letter from the petitioner stating that he has been transferred to the Eastern State Correctional Institution of Pennsylvania.

**378**

and laws of the United States." He seeks damages in the amount of $25,000.

 In an action for damages under the Civil Rights Act, the plaintiff must allege highly specific facts. It is not enough to state conclusory allegations without support in facts alleged. Pugliano v. Staziak, 231 F.Supp. 347 (W.D. Pa.1964), affirmed 345 F.2d 797, C.A.3, 1965; United States ex rel. Hoge v. Bolsinger, 211 F.Supp. 199 (W.D.Pa. 1962), affirmed 311 F.2d 215, C.A.3, 1962; Sinchak v. Parente, 262 F.Supp. 79 (D.C.1966).

The privilege of proceeding in forma pauperis is a matter within the discretion of the court and in civil actions for damages should be allowed only in exceptional circumstances. The complaint, on its face, must set forth sufficient allegations to show that federal constitutional rights are involved. 28 U.S.C. § 1915; Wood Preserving Corp. of Baltimore v. United States, 4 Cir., 347 F.2d 117; Cole v. Smith, 344 F.2d 721, C.A.8, 1965; Weller v. Dickson, 314 F.2d 598, C.A.9, 1963, cert. den. 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72; Noll v. United States, 83 F.Supp. 887 (W.D.Pa.1949).

No facts or circumstances are set forth as allegations in this complaint. We have only conclusory remarks that defendants have imposed "cruel and unusual punishment" upon the plaintiff. Such conclusory statements will not support the determination for the filing in forma pauperis.

As for the appointment of counsel to assist the petitioner-plaintiff in the prosecution of his civil complaint, § 1915 of Title 28 U.S.C. does not require the appointment of counsel in civil actions. In contrast to criminal proceedings, in which the court has a duty to assign counsel to represent a defendant, the court in a civil case has the statutory power only to "request an attorney to represent" a person unable to employ counsel. 28 U.S.C. § 1915(d); Reid v. Charney, 235 F.2d 47, C.A.6, 1956; Rhodes v. Houston, 258 F.Supp. 546 (D.C. Neb.1966).

In any case, however, since I have determined that the complaint here is insufficient for filing in forma pauperis, there is no need for the appointment of counsel to prosecute it. Temple v. Pergament, 235 F.Supp. 242, 243 (D.C.N.J. 1964).

The petition for leave to file the complaint in forma pauperis is denied as is the request for the appointment of counsel.