428 P.2d 987

**G. A. BUSHNELL and Nellie G. Bushnell,**
**husband and wife, Petitioners,**

v.

**SUPERIOR COURT OF MARICOPA COUN-**
**TY, State of Arizona, and the Honorable**
**William A. Holohan, one of the Judges**
**thereof, Respondents.**

No. 8988.

Supreme Court of Arizona.

In Banc.

June 15, 1967.

Hill & Savoy by John E. Savoy, Phoenix, for petitioners.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for respondents.

UDALL, Justice.

This matter arises out of a request by G. A. Bushnell, Director of Insurance of the State of Arizona, to have the Superior Court of Maricopa County in cause No. 194877, interpret Section 20–149 of the Arizona Revised Statutes and enter a declaratory judgment that Bushnell had not violated said statute by securing a mortgage loan from the Charter Oak Life Insurance Company.

The Superior Court denied Bushnell's motion for summary judgment and granted a motion for summary judgment in favor of the State of Arizona because he found that Bushnell had violated the provisions of A. R.S. § 20–149, subsec. A, which forbids the Director of Insurance to be financially interested, directly or indirectly, in any insurer except as a policy holder or claimant under a policy.

Bushnell thereupon filed in this Court a petition for relief by extraordinary writ, alleging that the Superior Court had no jurisdiction to enter judgment against him because as a matter of law a mortgage loan transaction is not a prohibited financial interest within the meaning of A.R.S. § 20–149, subsec. A. Since on the date of the hearing before us on the matter a final judgment had not been entered by the Superior Court in cause No. 194877, we took Bushnell's petition under advisement and indicated we would entertain the issuance of the appropriate writ if the judgment,

when it was entered by the Superior Court, conformed to Bushnell's allegations in his petition. Judgment in conformity therewith was so entered and the matter is now at issue before us.

A.R.S. § 20–149 reads in pertinent part as follows:

"A. The director (of insurance), * * * shall not be financially interested, directly or indirectly, in any insurer, agency or insurance transaction except as a policy-holder or claimant under a policy. * * *"

"B. The director * * * shall not be given nor receive any fee, compensation, loan, gift or other thing of value in addition to the compensation provided by law for any service rendered or to be rendered as such director * * * or in connection therewith."

This case brings into question the trial judge's interpretation of the above statute. Bushnell contends that he could not have violated the provisions of the statute since the trial court made a specific finding of fact that the mortgage transaction was a private, regular business transaction between himself and Charter Oak Life Insurance Company, and was not in any way received by Bushnell for services rendered or to be rendered in his official capacity as the Director of Insurance as prohibited by A.R.S. § 20–149, subsec. B.

We do not agree. The finding of fact that the mortgage transaction did not violate the provisions of § 20–149, subsec. B, hereinafter referred to as part B, in no way precludes the determination that such a transaction is prohibited by the provisions of § 20–149, subsec. A, hereinafter referred to as part A.

Part B quite clearly provides that the director shall not receive any compensation in any form from an insurer or anyone else other than the State of Arizona for services rendered as Director of Insurance. In order to violate part B, the director would have to one, be acting in his official capacity as director while rendering a

service and two, in return for such service rendered or to be rendered, receive something of value.

It is manifest to us that the purpose of part B is to prohibit the director from receiving any "rewards" other than his salary, as set by law and paid by the state, for fulfilling the duties of his office or, to state it another way, to prohibit the director from receiving compensation in the nature of a bribe for rendering any service in his capacity as Director of Insurance.

Part A, on the other hand, is broader in scope than part B. By providing that the director shall not be financially interested, directly or indirectly, in any insurer, agency or insurance transaction, the legislature appears to have intended to prohibit the director from placing himself in any position whereby he would have a possible conflict of interests. Thus, part A deals with prohibited "interests" and that such is a different matter than the prohibited "rewards" under part B admits of no argument; especially since we have previously held that a conflict of interest is not precluded because of a lack of evil motive or personal gain, State ex rel. Smith v. Bohannan, 101 Ariz. 520, 421 P.2d 877, and whereas a "reward" does of necessity result in a personal gain in some manner or another.

Hence, the only issue before this Court is whether part A of § 20–149 forbids the Director of Insurance from obtaining a loan from an insurance company engaged in the insurance business in Arizona and regulated by the Director of Insurance.

In construing a statute, it is the primary duty of the Court to attempt to ascertain the true intent of the legislature at the time it enacted the statute. In order to assist us in fulfilling this duty, experience has led to the adoption of certain canons of construction, one of which is particularly applicable to the present situation. It is expressed in the old phrase "expressio unius est exclusio alterius". Under this maxim, if a statute specifies one exception to a general rule, other exceptions are excluded.

A.R.S. § 20–149, subsec. A states:

"The director, * * * shall not be financially interested, directly or indirectly, in any insurer, agency or insurance transaction *except as a policy-holder or claimant under a policy.* * * *" (Emphasis added.)

Therein it has explicitly stated that the director may be financially interested in an insurer, agency or insurance transaction as a policyholder or claimant under a policy and an application of the rule of "expressio unius est exclusio alterius" inevitably leads to the conclusion that if the director's interest is other than those enumerated above, the interest is prohibited.

Furthermore, the language of part A is broad and all-inclusive in declaring that the director shall not be "financially interested, *directly or indirectly, in any insurer, agency or insurance transaction."* (Emphasis added.) We think that by its use of such broad language the legislature must have intended that where there is a private or personal transaction, other than those covered by the above enumerated exceptions, between the Director of Insurance and an insurance company involving money in some manner, such is a transaction forbidden by the terms of the statute. Under such a reading of the statute it is obvious that it prohibits the Director of Insurance from entering into a mortgage loan transaction with an insurance company he regulates. Such an interpretation is also consonant with the purpose of part A, which we noted above to be to prohibit the director from placing himself in a position whereby he would have a possible conflict of interest.

Certainly such an enactment by the legislature is based on sound principle and logic. The possibilities of pressure and influence between a lender and a borrower who owes a considerable sum of money are infinite, regardless of the presence of collateral security for the sum loaned. The

fact that there was no evidence herein that the mortgage transaction entered into by Bushnell with the Charter Oak company was anything other than a regular business transaction does not change the fact that such relationships between a director of insurance and an insurance company are fraught with temptation, pressure and the possibilities of corruption—it is these latter situations which A.R.S. § 20–149 seeks to prohibit.

We also note, parenthetically, that in 1959 the Florida legislature enacted a statute identical to A.R.S. § 20–149 except that they added the following :

> "(3)   This section shall not be deemed to prohibit an insurer from making, in regular course of business, a loan to the commissioner (of insurance)   *   *   * if such loan is adequately secured by a mortgage upon real estate or other collateral   *   *   *; or from acquiring or holding in regular course of business, such a loan or investment originally made by others." (Florida Statutes Annot. § 624.0104)

The above portion of the Florida statute expressly spells out that a transaction such as Bushnell entered into herein is not prohibited by law in the State of Florida.  The fact that the Florida legislature tacked on an additional provision expressly approving of a loan transaction between the director of insurance and an insurer strongly indicates that the legislature thought such a specification was necessary in order that such a transaction would not be prohibited under the general language of the other sections of the statute.

Though the absence of a section in our statute similar to that enacted by Florida, when the remainder of our statute is identical to Florida's, is of insufficient consequence for us to be able to state categorically that our legislature must have intended such a transaction to be prohibited by the terms of § 20–149, we are of the opinion that the action of the Florida legislature lends credulity to the interpretation

of A.R.S. § 20–149 made by the trial judge and with which we agree.

For the reasons set out above, the application for the issuance of an extraordinary writ is denied.

BERNSTEIN, C. J., McFARLAND, V. C. J., and STRUCKMEYER, J., concur.
NOTE: Justice LORNA E. LOCKWOOD, having disqualified herself did not participate in this decision.