448 P.2d 124

Peggy Ruth SLOATMAN, Petitioner,

v.

Frances C. GIBBONS, Clerk of the Superior Court, Pima County, State of Arizona, and Honorable John P. Collins, Judge of the Superior Court, In and For the County of Pima, State of Arizona, Respondents.

No. 2 CA–CIV 613.

Court of Appeals of Arizona.

Dec. 10, 1968.

Rehearing Denied Jan. 14, 1969.
Review Granted March 4, 1969.

Anthony B. Ching, Tucson, for petitioner.

Gary K. Nelson, Atty. Gen., Phoenix, William J. Schafer, III, Pima County Atty., Rose Silver, Special Chief Civil Deputy, Tucson, for respondents.

HATHAWAY, Chief Judge.

These extraordinary writ proceedings were instituted by the petitioner to obtain a writ of mandamus ordering the respondent judge to grant the petitioner's motion for waiver of filing fees and the respondent clerk to accept and file a divorce complaint.

On August 28, 1968, the petitioner, by her attorney, a staff member of the Legal Aid Society, presented a verified complaint for divorce to the office of the respondent clerk for filing. An affidavit of indigency and inability to pay the required filing fee, executed by the petitioner, was presented simultaneously therewith. Also presented was a motion for leave to proceed in forma pauperis which requested an order allowing the petitioner to file the divorce complaint without payment of the $20 filing fee to the clerk of the superior court.

The respondent clerk informed counsel for petitioner that the complaint could not be accepted for filing unless an order permitting the waiver of filing fee were secured. Petitioner's motion for such order was duly heard by the respondent judge and, albeit he found the petitioner was an indigent and unable to pay all or any part of the statutory filing fee, the motion was denied.

Before considering the merits of the case, we must pass upon the appropriateness of the remedy herein sought. While we agree with the petitioner that mandamus is an appropriate remedy as to the respondent court, Isrin v. Superior Court, etc., 63 Cal.2d 153, 45 Cal.Rptr. 320, 403 P.2d 728 (1965), we do not believe that mandamus will lie as to the respondent clerk. Riley v. Cornwall, 48 Ariz. 10, 58 P.2d 749 (1936). We therefore confine our considerations to the question of whether the trial court had authority to permit the petitioner to prosecute her action in forma pauperis.

A.R.S. § 12–311, as amended by Laws 1968, provides in part:

"At the commencement of each action or proceeding, *except as otherwise provided by law*, the plaintiff shall pay to the clerk of the superior court twenty dollars. * * *" (Emphasis ours)

The respective parties to these proceedings differ as to the meaning of the term "except as otherwise provided by law." The respondent contends that there is no statutory authority for remission of filing fees, hence no potential right to proceed in forma pauperis. Encyclopedic authority on the subject indicates that there is a contrariety of opinion as to whether courts, in the absence of statutory authority, have inherent power to permit poor persons to proceed in forma pauperis. 20 Am.Jur.2d Costs § 47; 20 C.J.S. Costs § 147. Cases holding that authority to permit prosecution of an action in forma pauperis must be given by statute are Howe v. Federal Surety Company, 161 Okl. 144, 17 P.2d 404 (1932); Harrison v. Stanton, 146 Ind. 366, 45 N.E. 582 (1896); Bradford v. Southern Railway Company, 195 U.S. 243, 25 S.Ct. 55, 49 L. Ed. 178 (1904).

The petitioner, on the other hand, ascribes to the term "unless otherwise provided by law" a different meaning. She urges us to follow the example of the California decisions which hold, that by virtue of California's adoption of the common law, courts have inherent in forma pauperis dispensing power. Martin v. Superior Court, etc., 176 Cal. 289, 168 P. 135 (1917); Willis v. Superior Court, etc., 130 Cal.App. 766, 20 P.2d 994 (1933); Emerson v. Superior Court, etc., 29 Cal.App.2d 539, 84 P.2d 1059 (1938); Isrin v. Superior Court, etc., supra; County of Sutter v. Superior Court, etc., 244 Cal.App.2d 770, 53 Cal.Rptr. 424 (1966).

We do not believe, however, that we are faced with a decision as to whether courts have inherent powers to dispense with fees. Accepting the respondent's argument that statutory authority is necessary, we believe that the legislature *has* provided courts with the requisite authority. A.R.S. § 12–302 provides:

"The court or any judge thereof may for good cause shown extend the time for paying any court fees required by law or may relieve against a default caused by nonpayment of a fee within the time provided by law, but no fees paid shall be refunded."

■ Affording this statute the liberal construction to which it is entitled, Richfield Oil Corporation v. LaPrade, 56 Ariz. 100, 105 P.2d 1115 (1940); Harrison v. Jones, 187 La. 489, 175 So. 37 (1937); Fiske v. Grider, 171 Tenn. 565, 106 S.W.2d 553 (1937), we believe that the legislature intended to open the doors of the courts to litigants whose poverty would otherwise preclude their securing justice because of inability to pay court fees in advance. A recent Law Review article, Litigation Costs: The Hidden Barrier to the Indigent, 56 Georgetown Law Journal 516, points out that 32 states, the District of Columbia, and the Federal government have enacted in forma pauperis statutes or court rules, the scope of which varies considerably. The author further points out that although some jurisdictions wholly disregard payment of fees and costs, most statutory provisions only encompass prepayment. See also 20 C.J.S. Costs § 146. For example, the Federal statute provides:

"Any court of the United States may authorize the commencement * * * or defense * * * without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefore * * *."

28 U.S.C.A. § 1915.

In Louisiana, it is provided:

"A person who was unable to pay the costs of court, because of his poverty and lack of means, may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance, or as they accrue, or furnishing security therefor."

LSA–C.C.P. Article 5181.

■■ We fail to see any material distinction between these statutes and our own A.R.S. § 12–302. Though their wording be different, they evidence a common legislative intention—to postpone payment rather

than absolute release from payment. The word "extend" means to "enlarge," "continue," or "stretch out." Meyering v. Miller, 330 Mo. 885, 51 S.W.2d 65 (1932); Crane Enamelware Company v. Smith, 168 Tenn. 203, 76 S.W.2d 644 (1934); State v. Zazzaro, 128 Conn. 160, 20 A.2d 737 (1941). It is significant that the legislature imposed no time limitation on the "extension," which further re-enforces our belief that this statute authorizes courts of this state to entertain applications to either prosecute or defend in forma pauperis.

■■ Although the statute does not define what is included within the concept of "for good cause shown," we believe it to be manifest that indigency would be included. The standard to be applied to determine eligibility on the ground of indigency is not outlined, thus leaving the matter to the trial court's discretion. We conceive this to be appropriate since there are numerous factors worthy of consideration such as earnings, number of dependents and indebtedness.

At least one court has held that a forma pauperis suitor must be an object of charity. Severa v. Severa, 22 N.J.Super. 267, 91 A.2d 895 (1952). Courts differ as to whether a showing of complete destitution is required. See cases collected in Anno. 6 A.L.R. 1281–1287. The federal courts do not require that one be absolutely penniless to invoke the forma pauperis statute. See, e. g., Gift Stars, Inc. v. Alexander, 245 F.Supp. 697 (S.D.N.Y.1965); Thiel v. Southern Pac. Co., 159 F.2d 61 (9th Cir. 1946). As stated by the United States Supreme Court in Adkins v. E. I. Dupont de

Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed. 43, 11 A.L.R.2d 599 (1948):

" * * * We think an affidavit is sufficient which states that one cannot because of his poverty 'pay or give security for the costs * * * and still be able to provide' himself and dependents 'with the necessities of life.' To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges * * *." 335 U.S. at 339, 69 S.Ct. at 89.

■ We are inclined to accept the federal view and do not believe that one must be absolutely penniless to become eligible. We believe that exercise of discretion to excuse prepayment of court fees would be justified by showing that prepayment would deprive a litigant in some degree of the necessities of life.

■ No challenge is posed to the petitioner's eligibility for in forma pauperis status.[1] It is apparent from the record before us that the trial court found "good cause" to exist for extending indefinitely the payment of fees and that he predicated his ruling solely upon his belief that he lacked authority to grant the requested relief.[2] We find no error in the finding of "good cause," such matter being within the trial court's discretion. Shobe v. People of State of California, 362 F.2d 545 (9th Cir. 1966), cert. denied, 385 U.S. 887, 87 S.Ct.

1. The petitioner's affidavit recited that she was the mother of five children, ages 5 to 16, and was their sole support; that her income consisted of $161 per month welfare subsidy and $60 per month as earnings from babysitting; that said total income was used to pay rent of $100 per month and the remainder for other necessaries; that her only property consisted of personal effects of nominal value; that she had no funds to pay the filing fee and that payment of some would deprive her of the necessities of life.

2. The trial court's order recites:
   "The Court finds that:
   (1) The named Plaintiff is, in fact, and is hereby ADJUDGED, an indigent and unable to pay all or any part of the said statutory filing fee;
   (2) There is no express statutory or other authority by way of case law for the relief sought by way of these proceedings (relating to waiving of said filing fee) though there is ample rationale and reason for the relief so sought * * *."

185, 17 L.Ed.2d 115; Wagner v. Maroney, 263 F.Supp. 377 (W.D.Pa.1967).

On this state of the record, we believe it appropriate to require by mandamus that an order consonant with A.R.S. § 12–302 be entered. The petition for relief is granted and a peremptory writ of mandamus shall issue to the respondent court forthwith.

MOLLOY and KRUCKER, JJ., concur.