454 P.2d 574

Peggy Ruth SLOATMAN, Petitioner,

v.

Frances C. GIBBONS, Clerk of the Superior Court, Pima County, State of Arizona, and Honorable John P. Collins, Judge of the Superior Court, In and For the County of Pima, State of Arizona, Respondents.

No. 9550–PR.

Supreme Court of Arizona.

In Banc.

May 15, 1969.

Rehearing Denied June 17, 1969.

Gary K. Nelson, Atty. Gen., Phoenix, William K. Richey, Special Asst. Atty. Gen., William J. Schafer, III, Tucson, for respondent.

Anthony B. Ching, Tucson, for petitioner.

HAYS, Justice.

This matter is before us on a petition for review of a decision of the Court of Appeals. That court granted a petition for relief and issued a writ of mandamus to the respondent court. 8 Ariz.App. 554, 448 P.2d 124 (1968).

The essential facts are as follows: On August 28, 1968, Peggy Sloatman, referred to as petitioner, presented a verified complaint for a divorce to the office of the respondent clerk for filing. An affidavit of indigency and inability to pay the required filing fee, executed by the petitioner was presented simultaneously therewith. Also presented was a motion for leave to proceed in forma pauperis which requested an order allowing the petitioner to file the divorce complaint without payment of the $20.00 filing fee to the clerk of the superior court.

The respondent clerk informed counsel for petitioner that the complaint could not be accepted for filing unless an order permitting the waiver of filing fee was secured. Petitioner's motion for such order was duly heard by the respondent judge and, albeit he found the petitioner was an indigent and unable to pay all or any part of the statutory filing fee, the motion was denied.

■ We must first consider the appropriateness of the remedy sought. Mandamus may be used to compel an officer to perform an act only when the law makes the performance of that act the officer's duty. Riley v. Cornwall, 48 Ariz. 10, 58 P.2d 749 (1936); State v. Kostura, 98 Ariz. 186, 403 P.2d 283 (1965). It is obvious that the respondent clerk of the court is by law under no duty to act, and therefor mandamus will not lie as to her. In the matters which follow we shall examine into what duty by law may devolve upon the respondent court.

The basic issue is whether A.R.S. § 12–302 permits the lower court to waive the payment of fees in cases of indigency and recognized inability to pay. It is respondent clerk's contention that even the most liberal construction of that statute would not grant the court that power. We are in agreement with that contention.

A.R.S. § 12–311, as amended by Laws 1968, provides in part:

"At the commencement of each action or proceeding, *except as otherwise provided by law*, the plaintiff shall pay to the clerk of the superior court twenty dollars. * * *" (emphasis added).

Relief from prepayment of filing fees may be found in A.R.S. § 12–302. That statute provides:

"The court or any judge thereof may *for good cause shown extend the time for paying any court fees* required by law or may relieve against a default caused by nonpayment of a fee within the time provided by law, but no fees paid shall be refunded." (emphasis added).

■ The primary duty of the court in construing a statute is to attempt to ascertain the true intent of the Legislature at the time it enacted the statute. Bushnell v. Superior Court of Maricopa County, 102 Ariz. 309, 428 P.2d 987 (1967). The intent is determined by the language of the statute. If that language is plain and unambig-

uous leading to only one meaning, the court will follow that meaning. Marquez v. Rapid Harvest Co., 89 Ariz. 62, 358 P.2d 168 (1960).

Considering first the phrase, "for good cause shown * * *," the court in People v. Fay, 48 N.Y.S.2d 2 (1944), stated that this was an elastic phrase which was incapable of exact definition. Obviously if the Legislature had any particular reason in view which would be sufficient to extend the time for payment and no other was to have that effect they would have embodied that reason within the statute.

■ A discretion was intended to be lodged in the judge in determining whether good cause was shown and whether the time for payment should be extended. Each application for extension must then be fixed by the circumstances of the case, Katcher v. Heidenwirth, 254 Iowa 454, 118 N.W.2d 52, 6 A.L.R.3d 1293 (1962), and leave should be granted when the court feels that substantial justice requires it. The exercise of such discretion in a given case will not be reviewed unless it clearly appears that the limits of discretion have been exceeded.

■ We are of the opinion that indigency or inability to pay court fees in advance, which would otherwise preclude litigants from securing justice, would constitute "good cause" for extension of the time of payment of such fees.

■ The application of A.R.S. § 12–302 is further affected by the remaining language. When the Legislature placed the word "extend" in the statute they intended that payment of fees be postponed rather than waived altogether. The word "extend" means to "stretch out" or "enlarge." Meyerling v. Miller, 330 Mo. 885, 51 S.W. 2d 65 (1932); Crane Enamelware Co. v. Smith, 168 Tenn. 203, 76 S.W.2d 644 (1934); State v. Zazzaro, 128 Conn. 160, 20 A.2d 737 (1941).

■ No mention is made in the statute of a particular period for extension of payment. Under the circumstances it is presumed that the Legislature intended the court to have the power to extend the time for payment a reasonable period provided good cause was shown. State ex rel. Preston v. Ferguson, 170 Ohio St. 450, 166 N. E.2d 365 (1960); Cohn v. Town of Cazenovia, 42 Misc.2d 218, 247 N.Y.S.2d 919 (1964).

■ It was not intended that the power vest to extend the time for payment indefinitely. The practical result of such an order would be to effectively waive the payment of fees altogether. The court may not do indirectly what the statute does not give it the power to do directly. We recently applied this principle with respect to an executive officer of Arizona and it applies equally with respect to the judiciary. Walsh v. State ex rel. Eyman, 104 Ariz. 202, 450 P.2d 392 (1969).

■ The trial court having found "good cause" to exist for extending the payment of fees a reasonable period of time, may appropriately execute an order consonant with A.R.S. § 12–302.

The opinion of the Court of Appeals is vacated.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER, and McFARLAND, JJ., concur.