548 P.2d 1156

**STATE of Arizona, Appellee,**

v.

**Caroline Marie THOMPSON, Appellant (two cases).**

**Nos. 3452 and 3453.**

Supreme Court of Arizona,
En Banc.
April 22, 1976.

**160**

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Georgia Butcher Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Robert J. Novak, Phoenix, for appellant.

HAYS, Justice.

Appellant, Caroline Marie Thompson, was convicted of possession of dangerous drugs for sale in violation of ARS § 32–1970(C) on January 13, 1975. On February 26, 1975, appellant was convicted of two counts of sale of dangerous drugs in violation of ARS § 32–1970(B). The trial court suspended the imposition of sentence for each conviction and placed the appellant on five years probation. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

The incidents which form the basis for the three charges against appellant occurred, in each instance, in the presence of at least one undercover police officer. Appellant, through counsel, agreed to submit each case to the court on the basis of the written police reports. The trial court then advised appellant of the rights she would waive by this agreement and determined that appellant made a knowing, voluntary and intelligent waiver.

Appellant argues that ARS § 32–1996(C) is null, void and without effect as to sale and possession for sale of dangerous drug crimes, since it is ambiguous. Appellant also argues that § 32–1996(C) fails to state a penalty for the crimes described in § 32–1970(B).

■ We find no ambiguity in the language of ARS § 32–1996(C). ARS § 32–1996(C) states:

> "A person who violates paragraph 4 of § 32–1965, or subsection A, B or C of § 32–1970, if such possession of a dangerous drug is with the intent of selling, shall be punished by imprisonment in the state prison for a term of one year to life."

The language relating to possession of a dangerous drug with the intent to sell clearly applies to § 32–1970(C) alone. This construction is obvious when read in light of the corollary qualification relating to possession without the intent to sell in violation of ARS § 32–1970(C) contained in ARS § 32–1996(B), i. e., "A person who violates subsection C of § 32–1970, if such possession of a dangerous drug is without the intent of selling, . . ."

> "The primary duty of the court in construing a statute is to attempt to ascertain the true intent of the Legislature at the time it enacted the statute. *Bushnell v. Superior Court of Maricopa County*, 102 Ariz. 309, 428 P.2d 987 (1967). The intent is determined by the language of the statute. If that language is plain and unambiguous leading to only one meaning, the court will follow that meaning. *Marquez v. Rapid Harvest Co.*, 89 Ariz. 62, 358 P.2d 168 (1960)." *Sloatman v. Gibbons*, 104 Ariz. 429, 454 P.2d 574 (1969).

■ We further hold that ARS § 32–1996(C) states a penalty for a violation of ARS § 32–1970(B). The language in ARS

§ 32–1996(C) relating to possession with intent to sell in violation of ARS § 32–1970(C), bears no relation to the punishment provided in ARS § 32–1996(C) for a violation of ARS § 32–1970(B).

Judgments and sentences affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.