863 P.2d 260

**DEL E. WEBB CACTUS DEVELOPMENT, INC., an Arizona corporation; and Sun City Vistoso Community Association, Inc., an Arizona (non-profit) corporation, Defendants/Appellants,**

v.

**Dan Jay JESSUP, a single man, Plaintiff/Appellee.**

**No. 2 CA–CV 92–0197.**

Court of Appeals of Arizona, Division 2, Department B.

April 20, 1993.

Review Denied Dec. 15, 1993.*

---

* Corcoran, J., of the Supreme Court, did not participate in the determination of this matter.

Karp, Stolkin & Weiss, P.C. by Stephen M. Weiss, Tucson, for plaintiff/appellant/appellee.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by Ralph E. Hunsaker and Christopher Robbins, Phoenix, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This second of two consolidated appeals (Webb appeal) is from a summary judgment holding that Arizona's rented vehicle liability insurance statute, A.R.S. § 28–324(B), applies to golf carts operated on a course traversed by a highway, and that noncompliance imposed joint and several liability upon Sun City Vistoso Community Association, Inc. (SCV) and Del E. Webb Cactus Development, Inc., (Del Webb) for Jessup's damages. We affirm.

## PARTIAL PUBLICATION

We publish solely this part of our decision regarding the application of A.R.S. § 28–324(B) to rented golf carts, because only this part meets the standards for publication set forth in Ariz.R.Civ.App.P. 28(b), 17B A.R.S. Although Rule 28(b) does not expressly provide for partial publication,

neither does it expressly proscribe it, and we see no justification to publish the extensive balance of our analysis, which merely applies settled law to facts that involve the parties alone. *Fenn v. Fenn,* 174 Ariz. 84, 847 P.2d 129 (App.1993).

## FACTS AND PROCEDURAL HISTORY

On June 9, 1988, John Stempniak was driving a golf cart on the SCV golf course in Pima County as a paying customer playing a round of golf. Jessup rode as Stempniak's passenger. While driving along a golf cart path from the 12th hole to the 13th hole, Stempniak ran through a stop sign at a dirt road crossing the path.

SCV owned and operated the golf course when the accident occurred. The golf carts were used solely for playing golf at SCV and were not registered in compliance with the "vehicles rented without drivers" statute, A.R.S. § 28–324.

Following a hearing on Jessup's damages, the trial court entered a judgment against Stempniak in the amount of $196,653.75. In August 1991, the court granted Jessup's motion for summary judgment against Del Webb and SCV finding they were liable under A.R.S. § 28–324. The trial court determined that SCV was required to register the golf cart and obtain public liability insurance under A.R.S. § 28–324(A) because:

> [T]he design of the SCV golf course and the paths and roadways on which the golf carts travel require that all golf carts used on the SCV golf course must be operated on a public highway in at least one area. Because the golf cart is required to be used on a public highway, it is required to be registered under state law.

\* \* \* \* \* \*

Although there is no separate fee paid for the rental of the golf carts, it is undisputed that a person may not play golf at Sun City Vistoso without using a golf cart and that the fee for the use of the golf cart is included in the green (sic) fees. A valid driver's license is also re-

quired of all users of the golf carts. The golf course is open to the public and, thus, to play on the golf course, all users, in essence, must rent a golf cart from SCV. The golf cart in question was not registered or insured.

The trial court found that the remedy under A.R.S. § 28–324(B) for SCV's noncompliance with Arizona's registration requirements was to hold SCV and Del Webb jointly and severally liable with Stempniak for Jessup's damages of $196,653.75, plus interest totalling $34,414.39. Del Webb and SCV appeal from that judgment.

## ISSUE ON APPEAL

The issue in this appeal is whether the trial court erred in finding that Del Webb and SCV were jointly and severally liable under A.R.S. § 28–324(B) and *American Nat'l Rent–A–Car, Inc. v. McNally, Inc.*, 104 Ariz. 301, 451 P.2d 882 (1969).

## DISCUSSION

It was undisputed below that while playing a round of golf, golfers were required to use golf carts and the golf carts necessarily crossed roads which were open to the public. Such roads are "highways" as defined by A.R.S. § 28–101(54). Any vehicle operated, moved or left standing "on any highway of this state," unless exempt, must be registered with the Department of Motor Vehicles. A.R.S. § 28–302(A). Following general principles of statutory construction, *Southwestern Iron and Steel Indus., Inc. v. State*, 123 Ariz. 78, 597 P.2d 981 (1979), we believe that this statute covers golf carts as a matter of law, because they were not specifically included in the list of exempt vehicles set forth in A.R.S. § 28–302(B). It provides:

B. This section does not apply to:

1. Farm tractors.

2. Trailers ...

3. Road-rollers or road machinery ...

4. Any owner permitted to operate a vehicle under special provisions [of ownership] ...

5. Motorized or nonmotorized equipment ... used in mining operations and only incidentally ... moved on a highway.

6. A motor vehicle being towed by a tow truck ...

We will not expand deliberate statutory exceptions. *Bushnell v. Superior Court*, 102 Ariz. 309, 428 P.2d 987 (1967); *Wray v. Superior Court*, 82 Ariz. 79, 308 P.2d 701 (1957). Del Webb's and SCV's contention that the golf carts' crossing of the highway was merely incidental to playing a round of golf does not alter the fact that persons did "operate" or "move" unregistered, nonexempt vehicles on the highways contrary to the statute. It was undisputed that the golf carts were not registered. The trial court correctly found they were required to be registered.

As a consequence of Del Webb's and SCV's failure to register the golf cart, it was not covered by liability insurance. A.R.S. § 28–324(B), provides in pertinent part:

The owner of a motor vehicle who rents it to another without a driver ... *without having procured the required public liability insurance* ... shall be jointly and severally liable with the renter for damage caused by the negligence of the renter operating the motor vehicle.

The statutory result is plain; Del Webb and SCV became jointly and severally liable for Jessup's injuries. *American Nat'l Rent–A–Car, Inc. v. McNally, Inc.*, supra.

## CONCLUSION

Based on the foregoing, we affirm the trial court's determination that Del Webb and SCV are jointly and severally liable with Stempniak for Jessup's damages for personal injuries resulting from the golf cart accident.

DRUKE, P.J., and FERNANDEZ, J., concur.