907 P.2d 505

**The STATE of Arizona, Appellee,**

v.

**Malcolm Henry TABOR, aka "Mac", aka Malcolm Jeffrey Tabor, Appellant.**

No. 2 CA–CR 93–0519.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 21, 1995.

Review Denied Oct. 24, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, and Randall M. Howe, Phoenix, for appellee.

Susan A. Kettlewell, Pima County Public Defender by Mary Brigid Dwyer, Tucson, for appellant.

**OPINION**

HATHAWAY, Judge.

Appellant Malcolm Henry Tabor appeals his conviction and sentence after a jury trial. The appeal presents numerous issues, most of which we resolve in a contemporaneous, unpublished memorandum decision. In this published portion of our decision, we uphold the trial court's denial of his directed verdict on the first-degree burglary charge.

■ We publish only this part of our decision because only this part meets the standards for publication set forth in Ariz.R.Civ. App.P. 28(b), 17B A.R.S. Although Rule 28(b) does not provide for partial publication, neither does it proscribe it, and we see no reason to publish the lengthy remainder of our analysis, which merely applies settled law to facts. *Del E. Webb Cactus Dev. Inc. v. Jessup*, 176 Ariz. 541, 863 P.2d 260 (App. 1993).

■ Appellant contends that the trial court erred when it denied his motion for a directed verdict on the first-degree burglary charge. His position is that he was not

"armed" with the weapons during the burglary, but merely possessed them as loot. He relies on *State v. Befford,* 148 Ariz. 508, 510, 715 P.2d 761, 763 (1986), in which the Arizona Supreme Court held that, under the prior first-degree burglary statute, which required the state to prove that the defendant was "armed with ... a deadly weapon," a defendant was not guilty of first-degree burglary unless he possessed the weapon in a manner indicating his willingness and present ability to use it as a weapon. However, the legislature amended A.R.S. § 13–1508(A) in 1988 to eliminate the "armed with" requirement and replace it with "knowingly possess." Laws 1988 (2d Reg.Sess.) Ch. 241, § 1 (eff. Sept. 30, 1988). This legislative action was specifically to meet and clarify the legislative intent and eliminate the legislative intent of the prior statute as interpreted by *Befford* and its progeny, including *State v. Williams,* 154 Ariz. 366, 742 P.2d 1352 (1987). Arizona State Legislature, Minutes of the House of Representatives Judiciary Committee at 3 (HB 2261) (Feb. 15, 1988); Arizona State Legislature, Minutes of the Senate Judiciary Committee at 7 (HB 2261) (Apr. 5, 1988). The trial court recognized the change in denying the motion for judgment of acquittal. Thus, appellant's arguments that he was not "armed" during the burglary are irrelevant. During the Wood burglary, appellant possessed a pistol, a pellet rifle and Ninja swords. Substantial evidence exists that appellant committed the crimes charged.

Affirmed.

DRUKE, C.J., and ESPINOSA, P.J., concur.