78 P.3d 1088

### In the Matter of MARICOPA COUNTY SUPERIOR COURT NO. MH2003–000240.

### No. 1 CA–MH 03–0006.

Court of Appeals of Arizona, Division 1, Department B.

Nov. 13, 2003.

---

* A judge of the Pinal County Superior Court authorized and assigned to sit as a judge on the Court of Appeals, Division Two, pursuant to Arizona Supreme Court Order filed September 25, 2003.

Richard M. Romley, Maricopa County Attorney By Michelle D'Andrea, Deputy County Attorney, Phoenix, Attorneys for Appellee.

James J. Haas, Maricopa County Public Defender By Lawrence S. Matthew, Deputy Public Defender, Mesa, Attorneys for Appellant.

**OPINION**

LANKFORD, Presiding Judge.

¶ 1 This appeal concerns the superior court's order that Appellant undergo treatment in a program of combined inpatient and outpatient treatment until she is no longer persistently or acutely disabled. The Appellant patient argues that the court committed reversible error, advancing two alternate theories. She first contends that the superior court lacked any discretion to deny her request for a continuance. Alternatively, the patient asserts that if the court had the discretion to deny her request for a continuance, it abused its discretion by doing so. For the following reasons, we affirm.

¶ 2 The facts are as follows. Pursuant to Arizona Revised Statutes ("A.R.S.") section 36–523 (2003), Dr. Tom Tarshis filed a petition for court-ordered evaluation, naming Appellant as a person who was persistently or acutely disabled. Accompanying the petition were an application for involuntary evaluation and an application for emergency admission. Dr. Domiciano Santos separately filed a petition for court-ordered treatment alleging that the patient was persistently or acutely disabled. Dr. Santos' petition was accompanied by affidavits signed by Dr. Santos and another physician.

¶ 3 At the hearing for court-ordered treatment, the patient's court-appointed counsel informed the court for the first time that the

patient wanted a continuance to secure private counsel. After denying this request, the court conducted a contested hearing on the petition for court-ordered treatment. The court found by clear and convincing evidence that the patient suffered from a mental disorder and was persistently or acutely disabled by it. The court ordered involuntary treatment.

¶ 4 Appellant timely appeals. We have jurisdiction pursuant to A.R.S. § 36–546.01 (2003).

¶ 5 Appellant first contends that the statute deprives the judge of authority to deny a continuance. A.R.S. § 36–535(B) (2003) provides:

> The court shall either release the proposed patient or order the hearing to be held within six days after the petition is filed, unless the proposed patient, upon consultation with his attorney, determines that it would be in his best interest to request a continuance which may be for a maximum of thirty days.

Because Appellant's claim involves a question of statutory interpretation, it is a question of law that we review de novo. *Zamora v. Reinstein,* 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996).

¶ 6 The statute has a plain meaning. If the language of the statute is "plain and unambiguous leading to only one meaning," the rule of statutory construction directs us to abide by that meaning, unless an absurdity would result. *Sloatman v. Gibbons,* 104 Ariz. 429, 430–31, 454 P.2d 574, 575–76 (1969), *vacated in part on other grounds,* 402 U.S. 939, 91 S.Ct. 1624, 29 L.Ed.2d 107 (1971); *Bustos v. W.M. Grace Dev.,* 192 Ariz. 396, 398, 966 P.2d 1000, 1002 (App.1997). *Cf. In re MH95–0074,* 186 Ariz. 138, 139, 920 P.2d 18, 19 (App.1996) (most Title 36 provisions "are set forth with precision and clarity"). The statute grants a patient the right to a hearing or release within six days unless she requests a continuance. But the statute does not state that a patient's request automatically results in a continuance. The statute provides only that *if* the patient requests a continuance, the court *may* set the hearing

later than six days after the petition was filed, up to a maximum of thirty days.

¶ 7 A statute, like this one, is especially clear when it contains both "shall" and "may" in the same provision. "[W]e infer that the Legislature acknowledged the difference and intended each word to carry its ordinary meaning." *HCZ Const., Inc. v. First Franklin Financial Corp.,* 199 Ariz. 361, 365, ¶ 15, 18 P.3d 155, 159 (App.2001). Courts ordinarily interpret "shall" to mean the provision is mandatory; a "may" provision normally is interpreted as permissive. *Id.* (citing *Forest Guardians v. Thomas,* 967 F.Supp. 1536, 1554 (D.Ariz.1997)). *See Sloatman,* 104 Ariz. at 430–31, 454 P.2d at 575–76 (the clause in A.R.S. § 12–302, "The court or any judge *may* for good cause shown extend the time for paying any court fees," means that the judge has discretion to determine extension of time for payment) (emphasis added).

¶ 8 The statute is also better understood in light of the nature of the proceeding. The Legislature established a short time limit for the hearing because the patient has been detained. The statute permits a continuance only on request of the patient, apparently barring the State from obtaining delays that would extend the patient's detention. The statute's authorization of continuances requested by the patient, however, does not mandate continuances whenever the patient wants.

¶ 9 Accordingly, the "shall" clause of A.R.S. § 36–535(B) mandates that the court release the patient or order a hearing within six days after a petition is filed. The "may" clause gives the court discretion to grant the patient a continuance, and to set the continuance for as many as thirty days. The patient's assertion that the court was obligated to grant her request for a continuance is unsupported by, and indeed is directly contrary to, the statutory language.

¶ 10 We therefore turn our attention to Appellant's other argument on appeal, that the court's denial of her motion to continue was an abuse of its discretion. It was not. The grant or denial of a continuance is reviewed only for an abuse of discretion.

*State v. Barreras,* 181 Ariz. 516, 520, 892 P.2d 852, 856 (1995). The court cited four reasons for its denial of Appellant's request: (1) Appellant did not raise the issue before the hearing; (2) witnesses had been subpoenaed to attend the hearing and were present at the hearing; (3) a continuance in excess of a week would result in significant expense to the hospital; and (4) Appellant had no funds with which to hire private counsel, undercutting the proffered reason for the continuance. The court properly considered these factors and properly based its denial of the request for continuance on them. It did not abuse its discretion.

¶ 11 Accordingly, we affirm.

CONCURRING: DONN KESSLER and DANIEL A. BARKER, JJ.