NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

IN RE MH2014-003678

———————————————

No. 1 CA-MH 15-0004
FILED 11-10-2015

———————————————

Appeal from the Superior Court in Maricopa County
No. MH2014-003678
The Honorable Susan G. White, Commissioner

**AFFIRMED**

———————————————

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Anne Phillips
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Bruce P. White, Anne C. Longo
*Counsel for Appellee*

———————————————

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

———————————————

**N O R R I S**, Judge:

**¶1**       After conducting an evidentiary hearing, the superior court found by clear and convincing evidence Appellant was, as a result of a mental disorder, persistently or acutely disabled, in need of psychiatric treatment, but unwilling and unable to accept voluntary treatment. Accordingly, the superior court ordered Appellant to undergo a combination of inpatient and outpatient treatment. On appeal, Appellant argues we should vacate the treatment order because the superior court did not allow her additional time to retain private counsel. We disagree.

**¶2**       By statute, Appellant had the right to retain private counsel. *See* Arizona Revised Statutes ("A.R.S.") sections 36-528(D), -536(A), -537(B)(1) (Supp. 2015). The superior court, however, has "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar," though the court's decision may not be "unreasoning and arbitrary." *State v. Aragon*, 221 Ariz. 88, 90, ¶ 5, 210 P.3d 1259, 1261 (App. 2009) (citations omitted); *see also In re MH 2003-000240*, 206 Ariz. 367, 369, ¶ 9, 78 P.3d 1088, 1090 (App. 2003) (superior court has discretion to grant motion to continue); A.R.S. § 36-535(B) (Supp. 2015) (superior court may grant a patient a continuance of up to 30 days). On review, we consider the particular circumstances of this case, including:

> whether other continuances were granted; whether the defendant had other competent counsel prepared to try the case; the convenience or inconvenience to the litigants, counsel, witnesses, and the court; the length of the requested delay; the complexity of the case; and whether the requested delay was for legitimate reasons or was merely dilatory.

*Aragon*, 221 Ariz. at 90, ¶ 5, 210 P.3d at 1261 (citation omitted);[1] *see also MH 2003-000240*, 206 Ariz. at 369-70, ¶ 10, 78 P.3d at 1090-91 (no abuse of discretion in denying motion to continue when appellant first raised the

---

[1]Although *Aragon* arose out of a criminal prosecution, it discusses relevant factors a court should consider in deciding whether to allow a continuance to retain private counsel. *See In re Jesse M.*, 217 Ariz. 74, 78, ¶ 19, 170 P.3d 683, 687 (App. 2007) ("[a]lthough a civil commitment proceeding cannot be equated to a criminal prosecution, . . . the standards in criminal cases have been examined" in various analogous contexts.) (internal quotations and citations omitted).

issue at the hearing, witnesses were ready and waiting, delay would result in significant expense to the hospital, and appellant could not pay for private counsel).

¶3        The petition for court-ordered evaluation (served on Appellant on November 3, 2014) and the petition for court-ordered treatment (served on Appellant on November 4, 2014) informed Appellant of her right to private counsel. Appellant did not request an opportunity to retain private counsel, however, until November 12, 2014, the first day scheduled for the evidentiary hearing, although she had been detained in an inpatient setting for nine days.  At the evidentiary hearing, Appellant did not move to continue, and in fact, her counsel opposed Petitioner's motion to continue; Appellant did, however, advise the court of her differences with court-appointed counsel and requested the opportunity to retain private counsel.

¶4        Although Appellant requested private counsel, she failed to present any information to the court that would have led it to reasonably believe she would be able to retain private counsel.  A.R.S. § 36-535(B) (Supp. 2015).   She presented only contradictory and ambiguous information to support her request, including: she had not yet retained private counsel; she was unable to retain private counsel because of the hospital's phone restrictions; yet she had contacted many attorneys by phone since her hospitalization; and she may or may not have been able to pay for private counsel. Furthermore, Appellant's court-appointed counsel and counsel's supervisor both stated counsel was "very thoroughly prepared" to proceed with the hearing, and Appellant did not present any evidence—and indeed does not even argue on appeal—counsel failed to adequately represent her or perform her statutory duties.  A.R.S. § 36-537. Petitioner's witnesses were ready to proceed the next day, and Appellant did not say when she might be able to retain counsel.

¶5        Under these circumstances, and given the personal liberty interest at stake, *In re MH 2006-000749*, 214 Ariz. 318, 321, ¶ 14, 152 P.3d 1201, 1204 (App. 2007), the superior court was not "unreasoning and arbitrary" in refusing to delay the evidentiary hearing so that Appellant could retain private counsel. *See supra* ¶ 2.

**¶6**　　　　　For the foregoing reasons, we affirm the superior court's treatment order.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama