IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

TIMOTHY W., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, M.W., *Appellees*.

No. 1 CA-JV 16-0029
FILED 6-30-2016

Appeal from the Superior Court in Maricopa County
No. JD23088
The Honorable John R. Ditsworth, Judge

**REVERSED AND REMANDED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Laura J. Huff
*Counsel for Appellee Department of Child Safety*

John L. Popilek, Scottsdale
By John L. Popilek
*Counsel for Appellant*

**OPINION**

Judge Andrew W. Gould delivered the opinion of the Court, in which
Presiding Judge Diane M. Johnsen and Judge Randall M. Howe joined.

**G O U L D**, Judge:

¶1 Timothy W. ("Father") appeals the juvenile court's order denying his request to withdraw his waiver of a termination hearing. Because we find the juvenile court abused its discretion in denying Father's request, we reverse and remand.

## FACTS AND PROCEDURAL BACKGROUND

¶2 In February 2013, the juvenile court determined Child was dependent as to Father. Two years later, DCS moved to terminate Father's parental rights. Based on DCS's motion, the juvenile court changed the case plan from reunification to severance and adoption.

¶3 At the October 2015 status conference, Father's attorney advised the court that Father wished to waive his right to a termination hearing and not contest the allegations in the severance petition. In response to the court's questions, Father confirmed that he had spoken to his attorney about the decision and did not want to contest the allegations in the petition. The court found that Father knowingly, intelligently and voluntarily waived his right to a termination hearing, and set a hearing for January 2016 to determine the factual basis for terminating Father's rights.

¶4 At the January hearing, the juvenile court asked Father if he still wished to waive his right to a termination hearing. In response, Father stated he had changed his mind and wanted to contest the severance petition. The court, however, denied Father's request to withdraw his waiver, stating that Father previously waived his right to a termination hearing. The court then obtained a factual basis and terminated Father's rights. Father timely appeals.

## DISCUSSION

¶5 Father argues the juvenile court erred in denying his request to withdraw his waiver. Father contends that pursuant to Rule 66(D)(1) of the Rules of Procedure for the Juvenile Court, the court could not accept his waiver until it obtained a factual basis to support termination. As a result, he asserts he could withdraw his waiver at the January hearing because the juvenile court had not completed the waiver process prescribed by Rule 66.

¶6 We review "questions involving the interpretation of court rules" de novo and "evaluate procedural rules using principles of statutory construction." *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App.

2008) (internal quotations and citation omitted). "[W]e interpret court rules 'in accordance with the intent of the drafters, and we look to the plain language of the . . . rule as the best indicator of that intent.'" *Id.* (quoting *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005). In reviewing the procedural requirements for accepting "a no contest plea in a termination proceeding, we turn for guidance to the analogous context of guilty or no contest pleas made by criminal defendants." *Tina T. v. Dep't of Child Safety*, 236 Ariz. 295, 298-99, ¶ 15 (App. 2014).

¶7        If a parent wishes to waive his right to a severance hearing, he must advise the juvenile court that he admits or does not contest the allegations in the severance petition. Ariz. R.P. Juv. Ct. 66(D)(1). Rule 66(D)(1) states that "[i]n accepting an admission or plea of no contest, the court shall:"

>    a. Determine whether the party understands the rights being waived;
>
>    b. Determine whether the admission or plea of no contest is knowingly, intelligently and voluntarily made;
>
>    c. Determine whether a factual basis exists to support the termination of parental rights; and
>
>    d. Proceed with entering the findings and orders as set forth in subsection (F) of this rule.

¶8        The use of the word "shall" means the requirements of Rule 66 (D)(1) are mandatory. *See In re Maricopa County Sup. Ct. No. MH2003-000240*, 206 Ariz. 367, 369, ¶ 7 (App. 2003) ("Courts ordinarily interpret 'shall' to mean the provision is mandatory."). The plain language of Rule 66 states that a parent's waiver cannot be accepted before the court has determined there is a sufficient factual basis to support termination. *See State v. Page*, 115 Ariz. 156, 157 (1977) (stating that a plea of guilty or no contest cannot be accepted until the court determines there is a factual basis for the plea); *see also* Ariz. R. Crim. P. 17.3 (same).

¶9        Here, the juvenile court denied Father's motion to withdraw on the grounds his waiver from the October hearing was final and accepted. This determination was an abuse of discretion. Father moved to withdraw before the court obtained a factual basis; as a result, the waiver was not final and could not be accepted by the court. *See State v. Ross*, 214 Ariz. 280, 283, ¶ 21 (App. 2007) ("An abuse of discretion exists when the trial court

commits an error of law in the process of exercising its discretion.")
(quoting *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004)).

¶10 Because Father's waiver was not final and properly accepted, he was not required, as DCS contends, to show manifest injustice before he could withdraw his waiver. *See* Ariz. R. Crim. P. 17.5 (requiring a showing of manifest injustice to withdraw from a plea after the court has accepted the plea). As in a criminal case, Father could withdraw his waiver without showing manifest injustice at any time before the waiver was properly accepted by the court. *See State v. Morse*, 127 Ariz. 25, 31-32 (1980) (stating that a plea agreement can be revoked by any party at any time prior to its acceptance by the court); Ariz. R. Crim. P. 17.4(b) (same).

## CONCLUSION

¶11 For the above reasons, we reverse the juvenile court's order denying Father's motion to withdraw his waiver. Additionally, we reverse the severance of Father's parental rights and remand for a severance hearing.

