NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

IN RE: MH 2020-001729

No. 1 CA-MH 20-0033

FILED 11-3-2020

Appeal from the Superior Court in Maricopa County
No.  MH 2020-001729
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

Maricopa County Attorney's Office, Phoenix
By Joseph Branco
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge David D. Weinzweig joined.

---

**P O R T L E Y**, Judge:

**¶1**         Appellant challenges the order that she undergo combined inpatient and outpatient treatment until she is no longer persistently or acutely disabled. She contends the superior court abused its discretion and she was deprived of procedural due process when her motion to continue the hearing on the petition for court-ordered mental health treatment was denied, even after informing the court of her "sleep deprivation." For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶2**         Appellant was receiving services from Terros for her mental illnesses, which include bipolar disorder and post-traumatic stress disorder. Her intensive-care specialist and case manager submitted an application in February 2020 for a court-ordered mental health evaluation pursuant to A.R.S. § 36-520.[3] The applicant alleged Appellant had a mental disorder, was persistently or acutely disabled, and was unwilling and unable to undergo a voluntary evaluation.[4] Specifically, the applicant stated that Appellant had "lost touch with reality;" had racing thoughts "to such a degree that she had no concept of where she was or her situation;" "displayed an inability to know when she was in danger" after walking in

---

[1]      The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

[2]      "We view the facts in a light most favorable to upholding the court's ruling." *In re MH2009-002120*, 225 Ariz. 284, 290, ¶ 17 (App. 2010).

[3]      Absent material change, we cite the current version of statutes.

[4]      The applicant also alleged Appellant was a danger to herself. The superior court ultimately dismissed the danger-to-self allegation at the hearing, and that ruling has not been challenged on appeal.

front of a moving vehicle; and could not "see past her manic state;" and she believed she did not have an "illness that need[ed] evaluation."

¶3          Based on the petition, the superior court signed a detention order for notice and evaluation and ordered a lawyer represent Appellant.

¶4          Appellant then requested a hearing. At the hearing, Appellant told the superior court that she was no longer contesting her detention for evaluation because she was "grateful" and wanted "to be at this hospital." She clarified, however, that she had "been given some medication that cause[d] agitation," was "dealing with sleep deprivation," and had not "really had a good night's sleep since November when [she] lost [her] home." The court vacated the hearing based on Appellant's request.

¶5          After her evaluation, a medical physician filed a petition for court-ordered treatment, with attached affidavits, pursuant to A.R.S. § 36-533. The doctors concluded Appellant needed treatment for her bipolar disorder that rendered her, in relevant part, persistently or acutely disabled and noted she would not agree to be treated voluntarily. The superior court scheduled a hearing on the petition for March 2, 2020.

¶6          At the outset of the hearing, Appellant requested a continuance until the end of the week because she was experiencing "extreme sleep deprivation" that caused "some brain fog."[5] The superior court stated it would grant "a continuance until Friday . . . if that's what [Appellant] truly wish[ed]," but advised she speak with her lawyer, and that counsel should speak with the petitioner's witnesses to determine if they were available that Friday.

¶7          After a brief recess, Appellant reiterated she was sleep deprived and requested a two-week continuance. In addition to remedying her sleep deprivation, she also wanted more time to discover how she would react if she stopped taking a certain drug for opioid addiction and withdrawal allegedly found in her system. The superior court asked Appellant what she "expect[ed] to accomplish" at the end of any continuance, whether it was postponed four days or two weeks. She stated she hoped the petition for court-ordered treatment would be "removed,"

---

[5]          Appellant further requested the hearing be continued because she was "asking for a different public defend[er]." The superior court denied the continuance on that basis. Appellant has not raised this as an issue on appeal, nor has she raised any issue with the court's denial of her request to represent herself, and thus we need not address it.

similar to what the "first judge" did with the petition for court-ordered evaluation. She felt the petition's allegations were "derogatory" and "fabricated," and she did not "want these fabricated accusations attached to [her] name."

¶8            After their discussion, the superior court summarized she was "confusing a potential opioid--drug problem and the need for a court-ordered treatment," which were two "individual" issues. Appellant stated that she wanted "to try new medication" and reiterated that allowing her "to sleep and prepare" would facilitate her attempts to remove "the petition status." The court stated that doctors could offer her medication, but they could not "force [her] to take it unless [there was] a court-ordered treatment," and if she was given new medication it would "take time to titrate" into her system. Accordingly, because there was "every likelihood [they would] be in the same situation two weeks from now or 30 days from now," the court denied Appellant's request for a continuance.[6]

¶9            The hearing then proceeded. The parties stipulated to the physicians' affidavits, the 72-hour medication affidavit, and an outpatient treatment plan. Two witnesses acquainted with Appellant testified: a Terros intensive-care clinical coordinator and a rehab specialist. After petitioner rested, Appellant testified on her own behalf and reiterated that she had not slept. She acknowledged having a bipolar diagnosis but again expressed frustration over the allegedly slanderous, fabricated statements in the petition.

¶10            The superior court found by clear and convincing evidence that Appellant was persistently or acutely disabled because of a mental disorder, *see* A.R.S. § 36-540, and ordered Appellant undergo combined inpatient-outpatient treatment in a program for a period not to exceed more than a year, with inpatient treatment not to exceed 180 days. Appellant timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1), -2101(A)(10), and 36-546.01.

**DISCUSSION**

¶11            Appellant argues the superior court abused its discretion and she was denied procedural due process when it denied her request to

---

[6]    The two witnesses who were present at the hearing indicated "it would be a bit of a hardship but a surmountable one to continue the matter till Friday."

continue the hearing because her "sleep deprivation" made it difficult for her to meaningfully "participate and assist counsel" at the hearing.

## I.      Denial of Continuance

**¶12**      We review the denial of a motion to continue for an abuse of discretion. *In re MH2003-000240*, 206 Ariz. 367, 369–70, ¶ 10 (App. 2003). The superior court abuses its discretion when exercising discretion "in a manner that is either manifestly unreasonable or based on untenable grounds or reasons." *Kimu P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 39, 42, ¶ 11 (App. 2008) (quotation omitted). However, we can affirm the court's decision on any basis supported by the record. *Cf. In re MH94-00592*, 182 Ariz. 440, 445 (App. 1995) (explaining that although the court erred in requiring evidence of the patient's current behavior to determine whether court-ordered treatment was warranted, the appellate court "can sustain a decision correct in result, regardless of the underlying reason").

**¶13**      Section 36-535(B) of the Arizona Revised Statutes governs the timing of court-ordered treatment hearings and states, in relevant part:

> The court shall order the hearing to be held within six business days after the petition is filed, *except that, on good cause shown, the court may continue the hearing at the request of either party*. The hearing may be continued for a maximum of thirty days at the request of the proposed patient. . . .

(Emphasis added.) The statute does not mandate the superior court "automatically" grant a patient's request for a continuance. *MH2003-000240*, 206 Ariz. at 369, ¶¶ 6–8. Rather, the "may" clause clearly indicates that the court retains ultimate discretion in determining whether the patient has shown good cause to continue a hearing beyond the standard six days. *Id.* at ¶ 9.

**¶14**      While Appellant maintains her desire to continue the hearing was because of sleep deprivation, the record reflects, after questioning by the superior court, that Appellant really wanted more time "to sleep and prepare" so that she could get what she believed to be a slanderous, fabricated petition for court-ordered treatment removed from the court's docket. Her "sleep deprivation" rationale was secondary to the opportunity to remove information she objected to in the petition. Appellant had raised her sleep deprivation at the initial hearing on the petition for evaluation and was raising it again. She omitted, however, that the earlier hearing was not vacated because of her sleep deprivation but because she agreed to the evaluation. She mistook her *willingness* to undergo evaluation with the

court's responsibility in a *disputed* petition for court-ordered treatment. Consequently, the court did not abuse its discretion by denying her request for a two-week continuance.

**¶15**      Additionally, Appellant wanted "to be prepared" before appearing in front of the judge, wanting "dates" and "definitions" and the ability "to write things down" before proceeding. However, she had sufficient time to mount a defense and fervently disputed many of the allegations in the petition at the hearing. There is nothing in the trial record indicating she was unable to testify or that sleep deprivation hindered her ability to testify in any way.

**¶16**      Moreover, the superior court noted a continuance to allow Appellant to research a drug allegedly in her system was unrelated to the mental health allegations in the petition. We agree and find no abuse of discretion.

**¶17**      Appellant also argues the superior court denied her request to continue solely based on an "uncorroborated opinion that her medications needed 'time to titrate'" and it wished "to proceed quickly." We disagree. While the court may not have known about the effectiveness of any new medication Appellant might be given or take before a future hearing date, it is clear the court found her request for a continuance unpersuasive after considering all of her reasons set in the record. Accordingly, the court did not abuse its discretion by denying her request for a continuance.

## II.    Due Process Claim

**¶18**      Although raised on appeal, Appellant did not raise any argument to the superior court that her procedural due process rights were denied when the court denied her request for a continuance. Generally, absent "exceptional circumstances," we do not consider arguments for the first time on appeal. *In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010). We follow the rule because "a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal." *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994).

**¶19**      There is nothing in the trial record that suggests any exceptional circumstances that require our intervention. Moreover, there is nothing in the record to indicate Appellant was prejudiced by the denial of the continuance.

¶20 Even if we presume Appellant had not waived her due process argument, we find her arguments unpersuasive. "Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner[.]" *In re MH2006-000023*, 214 Ariz. 246, 248–49, ¶ 10 (App. 2007) (citing *Huck v. Haralambie*, 122 Ariz. 63, 65 (1979)). Due process further requires that the patient be present at the hearing with counsel, "be confronted with witnesses against [her], have the right to cross-examine, and to offer evidence of [her] own." *In re Jesse M.*, 217 Ariz. 74, 76, ¶ 9 (App. 2007) (citations omitted). Appellant has not shown that any of the procedural safeguards were ignored. Rather, she argues she "was not able to meaningfully communicate and had reservations [about] proceeding on the first setting for the hearing given what she perceived to be a debilitating 'brain fog.'" The record reflects, however, that Appellant actively participated in the hearing. Moreover, the 72-hour medication affidavit in the record, which was based on a psychiatric medical provider's "professional opinion," stated that the medications Appellant was taking, "either individually or in a combination," did not significantly hamper her "ability to prepare for, or participate in" the hearing for court-ordered treatment.

¶21 Appellant argues this court should analyze whether "the specific dictates of due process" were met based on *Mathews v. Eldridge*, 424 U.S. 319, 334–35 (1976). We disagree. While involuntary commitment proceedings pose a significant risk of deprivation of liberty, *In re MH2007-000629*, 219 Ariz. 289, 291, ¶ 8 (App. 2008), Appellant does not effectively explain how the procedures used were inadequate to protect her from any erroneous deprivation of her rights, or what additional safeguards were necessary to protect her rights. Rather, she takes issue with the superior court's reasoning for denying her continuance, which does not suggest any due process procedural error; it is only an argument for an abuse of discretion, as we resolved above. Consequently, we find no procedural due process violations, especially given that Appellant was afforded multiple opportunities to show good cause for a continuance and had "a full and fair" adversarial hearing on the petition for court-ordered treatment. *See id.* at ¶ 8 (quotation omitted).

**CONCLUSION**

**¶22** For the reasons stated above, we affirm the superior court's order that Appellant undergo combined inpatient and outpatient treatment in a program until she is found to be no longer persistently or acutely disabled.



AMY M. WOOD • Clerk of the Court
FILED:   AA