NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JIMMY N., VASHTI H.,
*Appellants*,

v.

DEPARTMENT OF CHILD SAFETY, E.H., M.H.,
*Appellees*.

No. 1 CA-JV 21-0164
FILED 11-23-2021

Appeal from the Superior Court in Maricopa County
No. JD39449 / JS20575
The Honorable Robert Ian Brooks, Judge

**REVERSED, VACATED, AND REMANDED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant Jimmy N.*

John L. Popilek, PC, Scottsdale
By John L. Popilek
*Counsel for Appellant Vashti H.*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1        Jimmy N. and Vashti H. appeal the juvenile court's order denying their requests to withdraw no-contest pleas in a termination proceeding.  For the following reasons, we reverse, vacate, and remand.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Jimmy N. ("Father") and Vashti H. ("Mother") (collectively, "Parents") are biological parents of M.H., born in 2020.  Mother has another child E.H., born in 2019.[1]

¶3        In April 2020, M.H. presented at a hospital with multiple injuries, including various fractures.  The Department of Child Safety ("DCS") was notified, implemented a present danger plan, and in May, filed a dependency petition as to both children.  In June, M.H. arrived at a different hospital with additional injuries—including multiple subdural head bleeds—and was having seizures.  DCS learned Parents had been living with the children in violation of DCS' safety plan and subsequently moved to terminate Mother's and Father's parental rights.

¶4        At a combined dependency and termination adjudication in February 2021, the juvenile court noted that Parents "wish to enter a no contest plea regarding the allegations in the dependency and severance petitions" and found, after speaking with Parents, that they "understand their rights and have knowingly, intelligently, and voluntarily chosen to waive their right to a trial and enter a no contest plea regarding the allegations in both the dependency and the severance petitions."  The court found M.H. and E.H. dependent and took the termination under advisement, but stated it "intend[ed] to grant the termination motion."  The court ordered DCS to "lodge proposed Findings of Fact, Conclusions of Law, and Order to the Court," noting the "order terminating parental rights w[ould] be final upon the signing and filing of said Order."

---

[1]        E.H.'s biological father is not a party to this appeal.

**¶5**        Before the juvenile court signed a termination order, Parents sent separate but nearly identical letters to the court, declaring they did "not consent to the severance of [their] family" and want "an appeal to severance" of their parental rights.  Parents wrote that their lawyers pressured them into entering the no-contest pleas, the no-contest pleas were "not explained to [them] in full detail," and their lawyers were "unprepared for a trial if [they] had decided to proceed with one."

**¶6**        After receiving Parents' letters, the juvenile court scheduled a hearing and ordered the parties to provide briefing on the legal standard to apply to a request to withdraw a no-contest plea.  None of the parties submitted the requested briefing.

**¶7**        Evaluating Parents' requests, the juvenile court took "as instructive Rule 17.5 of the Rules of Criminal Procedure that provides that a 'court may allow a defendant to withdraw a plea of guilty or no contest if it is necessary to correct a manifest injustice.'"  Applying that standard, the court found "withdrawal of the parents' prior waiver and no contest plea [was] not necessary to correct a manifest injustice."  After declining to set aside the no-contest pleas, the court found, based on evidence presented at the prior hearing, that DCS proved the abuse and neglect grounds for termination by clear and convincing evidence, and termination was in the best interests of the children by a preponderance of the evidence.  The juvenile court then granted the termination motion.

**¶8**        Mother and Father timely appealed the termination of their parental rights.  We have jurisdiction under A.R.S. §§ 8-235(A), 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶9**        Parents do not challenge the dependency.  Instead, Parents argue on appeal that the juvenile court erred in denying their requests to withdraw the no-contest pleas before terminating their parental rights. Specifically, they argue the juvenile court erred in: 1) applying the "manifest injustice" standard from Arizona Rule of Criminal Procedure 17.5 to address their requests to withdraw a plea of no contest; and 2) failing to appoint new counsel to represent them in the proceedings on their motions to set aside the pleas of no contest.

### A.        Rule 66(D)(1).

**¶10**        Arizona Rule of Procedure for the Juvenile Court ("Rule") 66(D)(1) addresses no-contest pleas in termination proceedings.  We review

the interpretation of court rules de novo. *Haroutunian v. Valueoptions, Inc.*, 218 Ariz. 541, 544, ¶ 6 (App. 2008). In interpreting a court rule, we apply general principles of statutory construction and begin with the plain language of the rule. *State v. Silva*, 222 Ariz. 457, 460, ¶ 13 (App. 2009).

**¶11** When a parent enters a no-contest plea, the juvenile court does not automatically terminate their parental rights. *See* Ariz. R.P. Juv. Ct. 66(D)(1); *Tina T. v. Dep't of Child Safety*, 236 Ariz. 295, 299, ¶ 16 (App. 2014), *abrogated on other grounds by Sandra R. v. Dep't of Child Safety*, 248 Ariz. 224 (2020). Instead, the court must comply with the procedures provided by Rule 66(D)(1):

> In accepting an admission or plea of no contest, the court shall:
>> a.        Determine whether the party understands the rights being waived;
>> b.        Determine whether the admission or plea of no contest is knowingly, intelligently and voluntarily made;
>> c.        Determine whether a factual basis exists to support the termination of parental rights; and
>> d.        Proceed with entering the findings and orders as set forth in subsection (F) of this rule.

**¶12** Rule 66(D)(1)'s provisions are mandatory before accepting a plea of no contest. *Timothy W. v. Dep't of Child Safety*, 240 Ariz. 231, 232, ¶ 8 (App. 2016) (citing *In re MH2003–000240*, 206 Ariz. 367, 369, ¶ 7 (App. 2003) ("Courts ordinarily interpret 'shall' to mean the provision is mandatory.")). And a party can freely withdraw a no-contest plea until it has been accepted as final. *See id.* at 232-33, ¶¶ 9-10.

**¶13** Here, the juvenile court found that "[P]arents underst[oo]d their rights" and "knowingly, intelligently, and voluntarily chose[] to waive their right to a trial and enter a no contest plea." However, Parents argue that the court had not found a factual basis for termination and, therefore, had not accepted their no-contest pleas before they attempted to withdraw them. We agree.

### B.        Determining a Factual Basis.

**¶14** A plea is not properly accepted until the juvenile court determines a sufficient factual basis supports termination. *See Timothy W.*, 240 Ariz. at 232, ¶ 8 ("The plain language of Rule 66 states that a parent's waiver cannot be accepted before the court has determined there is a

sufficient factual basis to support termination."); *see also Tina T.*, 236 Ariz. at 299, ¶ 16 (noting "the purpose of requiring the juvenile court to determine whether a factual basis exists to support termination under Rule 66(D)(1) is to ensure that parents do not lose their parental rights solely based on their unwillingness to contest the allegations of the petition").

**¶15**        Here, Parents sought to withdraw their no-contest pleas after the dependency and termination hearing in February. During that hearing, DCS presented its case and the court found the allegations in the dependency petition were true by a preponderance of the evidence and "a factual basis [existed] to support a finding of dependency." The juvenile court, however, took the termination matter under advisement. The court noted that it "intend[ed] to grant the termination motion" but stated it was going to "review the material" and "issue a Ruling by separate minute entry."

**¶16**        Notably, the juvenile court had not expressly determined there was a sufficient factual basis to support termination of Mother's and Father's parental rights. The state invites us to rely on the court's finding of sufficient proof of a factual basis for the dependency, but that finding is not the same as sufficient proof for termination. *Compare* A.R.S. § 8-533(B) (grounds for termination), *and* A.R.S. § 8-537(B) (requiring clear and convincing evidence to prove grounds for termination), *with* A.R.S. § 8-201(15) (grounds for dependency), *and* A.R.S. § 8-844(C)(1) (requiring proof by a preponderance of the evidence for dependency).

**¶17**        Before accepting the no-contest pleas, the juvenile court was required to expressly determine whether the factual basis was sufficient to support termination of parental rights. *See In re Amber S.*, 225 Ariz. 364, 368–69, ¶¶ 13, 16 (App. 2010) (noting that a rule providing "the court shall determine" required an express finding (quoting Ariz. R.P. Juv. Ct. 19.1)); *see also Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶ 24 (App. 2012) ("The primary purpose for requiring a court to make express findings of fact and conclusions of law is to allow the appellate court to determine exactly which issues were decided and whether the lower court correctly applied the law."). Because no such finding was made, Parents' pleas had not been accepted, and they should have been allowed to withdraw their pleas. *Timothy W.*, 240 Ariz. at 232-33, ¶¶ 9-10.[2]

---

[2]        Because we reverse, we need not address Parents' additional arguments or determine whether the "manifest injustice" standard applies

## CONCLUSION

**¶18** For the forgoing reasons, we reverse the juvenile court's decision denying Parents' requests to withdraw pleas of no contest. We also vacate the juvenile court's order terminating parental rights and remand the matter to the juvenile court for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

to requests to withdraw pleas that have been accepted in termination proceedings.